CASE NO. 23-2109

BEFORE THE UNITED STATES
COURT OF APPEALS FOR THE FEDERAL CIRCUIT

BIOPARQUES DE OCCIDENTE, S.A. DE C.V.,
AGRICOLA LA PRIMAVERA, S.A. DE C.V.,
KALIROY FRESH LLC,
*Plaintiffs-Appellants,*
v.
UNITED STATES, THE FLORIDA TOMATO EXCHANGE,
*Defendants-Appellees*

APPEAL FROM
THE U.S. COURT OF INTERNATIONAL TRADE
IN CASE NO. 1:20-CV-00035-JCG, JUDGE JENNIFER
CHOE-GROVES

MOTION TO STAY PROCEEDING PENDING THE FINAL DISPOSITION
OF *BIOPARQUES DE OCCIDENTE, S.A. DE C.V. ET AL V. UNITED
STATES*, CONSOL. CASE NO. 19-00204

*Submitted by*
Jeffrey M. Winton
WINTON & CHAPMAN PLLC
1100 13th Street N.W., Suite 825
Washington, D.C. 20005
(202) 774-5500

Attorney for Bioparques de Occidente, S.A. de C.V.,
Agricola La Primavera, S.A. de C.V.,
Kaliroy Fresh LLC

August 8, 2023

FORM 9. Certificate of Interest

Form 9 (p. 1)<br>March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** 23-2109

**Short Case Caption** Bioparques de Occidente, S.A. de C.V. et al v. United Sta

**Filing Party/Entity** Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V., Kaliroy Fresh LLC

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/08/2023

Signature: /s/ Jeffrey M. Winton

Name: Jeffrey M. Winton

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Bioparques de Occidente, S.A. de C.V. | | |
| Agricola La Primavera, S.A. de C.V. | | |
| Kaliroy Fresh LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| Amrietha Nellan | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑   Yes (file separate notice; see below)     ☐   No     ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑   None/Not Applicable          ☐   Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

PLAINTIFF-APPELLANTS'
MOTION TO STAY PROCEEDING

This Motion to Stay the Proceeding Pending Final Disposition of

*Bioparques de Occidente, S.A. de C.V. et al v. United States* (Consol. Ct.

No. 19-00204), which is currently pending before the U.S. Court of

International Trade ("CIT"), is submitted on behalf Of Plaintiff-Appellants

Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V.,

and Kaliroy Fresh LLC (collectively, "Plaintiff-Appellants").

The action that is the subject of this appeal was a part of a consolidated

action that had combined three cases, all of which asserted the same claims

against actions taken by the Department of Commerce in the investigation of

Fresh Tomatoes from Mexico, but asserted different jurisdictional grounds.

In particular, two of the actions (CIT Ct. Nos. 19-00204 and 19-00210)

asserted jurisdiction under 28 U.S.C. § 1581(c), while the third (CIT Ct.

No. 20-00035) asserted jurisdiction under the CIT's residual jurisdiction

under 28 U.S.C. § 1581(i).  After the actions were consolidated, and

following a previous appeal to this Court, Defendant-Appellees filed a motion

with the CIT to dismiss certain claims for lack of jurisdiction.  In response,

the CIT held that it had jurisdiction over all but one of Plaintiff-Appellants'

claims under 28 U.S.C. § 1581(c), and that the remaining claim failed to state

a claim upon which relief could be granted.  The CIT therefore concluded that

its residual jurisdiction under 28 U.S.C. § 1581(i) did not apply, and it

therefore severed and dismissed the action (CIT Ct. No. 20-00035) that had

asserted jurisdiction under that provision.[1]

We agree with the CIT's decision that it has jurisdiction under 28 U.S.C.

§ 1581(c) over all but one of the claims asserted in this action.  We also agree

that the CIT's decision to dismiss the remaining claim for failure to state a

claim upon which relief may be granted is consisted with this Court's

previous decisions in *Bioparques de Occidente v. United States,* 31 F.4th

1336 (Fed. Cir. 2022) and *Confederacion de Asociaciones Agricolas del

Estado de Sinaloa v. United States,* 32 F.4th 1130 (Fed. Cir. 2022).  However,

we note that the CIT's decision on jurisdiction in the two actions that remain

pending before it (CIT Ct. Nos. 19-00204 and 19-00210) may ultimately be

appealed to this Court, and that, in such an appeal, this Court would not be

bound by the CIT's decision that it does not have jurisdiction over those

actions pursuant to 28 U.S.C. § 1581(i).  Plaintiff-Appellants therefore

brought this appeal in order to preserve their ability to pursue an action

asserting jurisdiction under 28 U.S.C. § 1581(i) in the event that this Court

---

[1] *See* May 1, 2023, Order by Judge Choe-Groves in CIT Consol. Ct.
No. 19-00204 (ECF 91).  A copy of the Judge Choe-Groves Order Granting
the Motion to Dismiss in Part is provided in Attachment 1 of this motion.

were to conclude that the CIT does not have jurisdiction under 28 U.S.C.

§ 1581(c) over the claims now being considered by the CIT in the remaining

actions.[2]

In view of the unusual procedural status of this appeal, we believe that

judicial efficiency and the parties' resources would best be served by staying

these proceedings pending a final decision by the CIT on the issues now

pending before it in the two actions with which this action was previously

consolidated.  This court has previously found that "the power to stay

proceedings is incidental to the power inherent in every court to control the

disposition of the causes on its docket with economy of time and effort for

itself, for counsel, and for its litigants." *See Groves v. McDonough*, 34 F.4th

1074 (Fed. Cir. 2022) (citing *Landis v. North American Co.*, 299 U.S. 248

(1936)).  The Court should exercise that power, and stay proceedings in this

action until the CIT has issued its final decision in the two actions that remain

pending before it.

In accordance with Rule 8(a)(2)(B), counsel for Plaintiff-Appellants

sought via email the position of the parties to this proceeding concerning this

motion to stay proceedings.  Counsel for the United States, Doug Edelschick,

---

[2] In accordance with Rule 8(a), a copy of the notice of appeal filed with this Court is provided in Attachment 2 of this motion.

consented to the motion on July 13, 2023.  Counsel for the Florida Tomato

Exchange, Mary Jane Alves, consented to the motion on August 7, 2023.

<u>Conclusion</u>

In light of the foregoing, we respectfully request that the Court grant this

motion to stay proceedings in this appeal pending final disposition of

*Bioparques de Occidente, S.A. de C.V. et al V. United States*, Consol. Ct. No.

19-00204, which is currently pending before the Court of International Trade.

Respectfully submitted,

/s/ Jeffrey M. Winton

Jeffrey M. Winton
Michael J. Chapman
Vi N. Mai
Jooyoun Jeong
Ruby Rodriguez
WINTON & CHAPMAN PLLC
1100 13th Street, N.W., Suite 825
Washington, D.C.  20005
(202) 774-5500

Attorneys for Bioparques de Occidente,
    S.A. de C.V., Agricola La Primavera,
    S.A. de C.V., and Kaliroy Fresh LLC

August 8, 2023

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 23-2109

**Short Case Caption:** Bioparques de Occidente, S.A. de C.V. et al v. United States

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  829  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 08/08/2023

Signature: /s/ Jeffrey M. Winton

Name: Jeffrey M. Winton

Attachment 1

May 1, 2023, Order
by Judge Choe-Groves in
CIT Consol. Ct. No. 19-00204 (ECF 91)

Slip Op. 23-67

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BIOPARQUES DE OCCIDENTE, S.A. DE C.V., AGRICOLA LA PRIMAVERA, S.A. DE C.V., AND KALIROY FRESH LLC,<br><br>  Plaintiffs,<br><br>CONFEDERACION DE ASOCIACIONES AGRICOLAS DEL ESTADO DE SINALOA, A.C., CONSEJO AGRICOLA DE BAJA CALIFORNIA, A.C., ASOCIACION MEXICANA DE HORTICULTURA PROTEGIDA, A.C., ASOCIACION DE PRODUCTORES DE HORTALIZAS DEL YAQUI Y MAYO, AND SISTEMA PRODUCTO TOMATE,<br><br>  Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>  Defendant,<br><br>and<br><br>THE FLORIDA TOMATO EXCHANGE,<br><br>  Defendant-Intervenor. | Before: Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 19-00204 |

# OPINION AND ORDER

[Granting in part and denying in part Defendant's motion to dismiss and granting
in part and denying in part Defendant-Intervenor's motion to dismiss.]

Dated:  May 1, 2023

Jeffrey M. Winton, Michael J. Chapman, Amrietha Nellan, Ruby Rodriguez, and
Vi N. Mai, Winton & Chapman PLLC, of Washington, D.C., for Plaintiffs
Bioparques de Occidente, S.A. de C.V., Agricola La Primavera, S.A. de C.V., and
Kaliroy Fresh LLC.

Bernd G. Janzen, Devin S. Sikes, Paul Bettencourt, and Yujin K. McNamara,
Akin, Gump, Strauss, Hauer & Feld, LLP, of Washington, D.C., for Consolidated
Plaintiffs Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C.,
Consejo Agricola de Baja California, A.C., Asociacion Mexicana de Horticultura
Protegida, A.C., Asociacion de Productores de Hortalizas del Yaqui y Mayo, and
Sistema Producto Tomate.

Douglas G. Edelschick, Senior Trial Counsel, Commercial Litigation Branch, Civil
Division, U.S. Department of Justice, of Washington, D.C., for Defendant United
States.  With him on the brief were Brian M. Boynton, Principal Deputy Assistant
Attorney General, Patricia M. McCarthy, Director, and Franklin E. White, Jr.,
Assistant Director.  Of counsel was Emma T. Hunter, Assistant Chief Counsel,
Office of the Chief Counsel for Trade Enforcement and Compliance, U.S.
Department of Commerce.

Robert C. Cassidy, Jr., Charles S. Levy, Chase J. Dunn, James R. Cannon, Jr.,
Mary Jane Alves, Jonathan M. Zielinski, and Nicole Brunda, Cassidy Levy Kent
(USA) LLP, of Washington, D.C., for Defendant-Intervenor The Florida Tomato
Exchange.

Choe-Groves, Judge:  Plaintiffs Bioparques de Occidente, S.A. de C.V.,

Agricola La Primavera, S.A. de C.V., and Kaliroy Fresh LLC (collectively,

"Plaintiffs") filed three complaints challenging the final determination made in the

antidumping duty investigation of fresh tomatoes from Mexico conducted by the

U.S. Department of Commerce ("Commerce"), <u>Fresh Tomatoes from Mexico</u> ("<u>Final Determination</u>"), 84 Fed. Reg. 57,401 (Dep't of Commerce Oct. 25, 2019) (final determination of sales at less than fair value): (1) <u>Bioparques de Occidente, S.A. de C.V. v. United States</u>, Court No. 19-00204; (2) <u>Bioparques de Occidente, S.A. de C.V. v. United States</u>, Court No. 19-00210; and (3) <u>Bioparques de Occidente, S.A. de C.V. v. United States</u>, Court No. 20-00035.  The Court consolidated these cases and the related case <u>Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C. v. United States</u>, Court No. 19-00203. Order (Sept. 1, 2022) ("Consolidation Order"), ECF No. 63.

Before the Court are Defendant's Motion to Dismiss filed by Defendant United States ("Defendant") and Defendant-Intervenor's Motion to Dismiss filed by Defendant-Intervenor The Florida Tomato Exchange ("Defendant-Intervenor"), both seeking dismissal under USCIT Rule 12(b)(1) for lack of subject matter jurisdiction.  Def.'s Mot. Dismiss ("Def.'s Br."), ECF No. 65; Def.-Interv.'s Mot. Dismiss ("Def.-Interv.'s Br."), ECF No. 66.  Plaintiffs filed Plaintiffs' Response to Motion to Dismiss in opposition.  Pls.' Resp. Mot. Dismiss ("Pls.' Resp."), ECF No. 67.  Defendant filed Defendant's Reply in Support of Motion to Dismiss and Defendant-Intervenor filed Defendant-Intervenor's Reply in Support of its Motion to Dismiss.  Def.'s Reply Supp. Mot. Dismiss ("Def.'s Reply"), ECF No. 68; Def.-Interv.'s Reply Supp. Mot. Dismiss ("Def.-Interv.'s Reply"), ECF No. 69.

Plaintiffs filed Plaintiffs' Sur-Reply to Defendant and Defendant-Intervenor's

Replies in Support of Motion to Dismiss.  Pls.' Sur-Reply Replies Supp. Mot.

Dismiss ("Pls.' Sur-Reply"), ECF No. 72.  Plaintiffs also filed Plaintiffs' Notice of

Supplemental Authority following the Court's ruling in Goodluck India, Ltd. v.

United States, 46 CIT __, 2022 Ct. Intl. Trade LEXIS 133 (Dec. 1, 2022).  Pls.'

Notice Supp. Auth., ECF No. 78.  For the reasons that follow, Defendant's Motion

to Dismiss and Defendant-Intervenor's Motion to Dismiss are granted in part and

denied in part.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history set

forth in its prior Order and Opinion and recounts the facts relevant to the Court's

review of the pending motions to dismiss.  See Bioparques de Occidente, S.A. de

C.V. v. United States, 44 CIT __, __, 470 F. Supp. 3d 1366, 1368–70 (2020).

### I.    Antidumping Duty Investigation and Suspension Agreements

In April 1996, Commerce initiated an antidumping duty investigation to

determine whether imports of fresh tomatoes from Mexico were being, or were

likely to be, sold in the United States at less than fair value.  Fresh Tomatoes from

Mexico, 61 Fed. Reg. 18,377 (Dep't of Commerce Apr. 25, 1996) (initiation of

antidumping duty investigation).  After an affirmative preliminary injury

determination from the International Trade Commission, Commerce made a

Case 1:23-cv-00204-JCG   Document 9   Filed 05/01/23   Page 15 of 19
Case 1:20-cv-00204-JCG   Document 14   Filed 08/08/2023   Page 5 of 19

Consol. Court No. 19-00204                                            Page 5

preliminary determination that imports of fresh tomatoes from Mexico were being

sold in the United States at less than fair value.  Fresh Tomatoes from Mexico, 61

Fed. Reg. 56,608 (Dep't of Commerce Nov. 1, 1996) (notice of preliminary

determination of sales at less than fair value and postponement of final

determination).  Concurrent with Commerce's preliminary determination,

Commerce published a notice in the Federal Register announcing an agreement

under 19 U.S.C. § 1673c(c) with certain producers and exporters who accounted

for substantially all of the imports of fresh tomatoes from Mexico into the United

States to suspend the antidumping duty investigation on fresh tomatoes from

Mexico.  Fresh Tomatoes from Mexico, 61 Fed. Reg. 56,618 (Dep't of Commerce

Nov. 1, 1996) (suspension of antidumping investigation).  Between 1996 and 2013,

Commerce and the producers and exporters of tomatoes from Mexico entered into

three further suspension agreements.  See Fresh Tomatoes from Mexico, 67 Fed.

Reg. 77,044 (Dep't of Commerce Dec. 16, 2002) (suspension of antidumping

investigation); Fresh Tomatoes from Mexico, 73 Fed. Reg. 4831 (Dep't of

Commerce Jan. 28, 2008) (suspension of antidumping investigation); Fresh

Tomatoes from Mexico ("2013 Suspension Agreement"), 78 Fed. Reg. 14,967

(Dep't of Commerce Mar. 8, 2013) (suspension of antidumping investigation).

Commerce gave notice to the signatory growers on February 6, 2019 of

Commerce's intent to withdraw from the 2013 Suspension Agreement.  Fresh

Tomatoes from Mexico, 84 Fed. Reg. 7872 (Dep't of Commerce Mar. 5, 2019)
(intent to terminate suspension agreement, rescind the sunset and administrative
reviews, and resume the antidumping duty investigation); Fresh Tomatoes from
Mexico ("May 2019 Withdrawal Notice"), 84 Fed. Reg. 20,858 (Dep't of
Commerce May 13, 2019) (termination of suspension agreement, rescission of
administrative review, and continuation of the antidumping duty investigation).
Commerce withdrew from the 2013 Suspension Agreement on May 7, 2019 and
resumed the underlying antidumping investigation.  May 2019 Withdrawal Notice,
84 Fed. Reg. at 20,860.

Commerce published on September 24, 2019 a notice that a new Suspension
Agreement had been reached between Commerce and the signatory parties and that
the antidumping duty investigation had been suspended.  Fresh Tomatoes from
Mexico ("2019 Suspension Agreement"), 84 Fed. Reg. 49,987, 49,989 (Dep't of
Commerce Sept. 24, 2019) (suspension of antidumping duty investigation).  The
International Trade Commission subsequently announced the suspension of its
antidumping investigation.  Fresh Tomatoes from Mexico, 84 Fed. Reg. 54,639
(Int'l Trade Comm'n Oct. 10, 2019) (suspension of antidumping investigation).

Commerce published its final determination in the continued investigation
on October 25, 2019, determining that fresh tomatoes from Mexico were being, or
were likely to be, sold in the United States at less than fair value.  Final

<u>Determination</u>, 84 Fed. Reg. at 57,402.  The International Trade Commission

issued an affirmative injury determination on December 12, 2019.  <u>Fresh Tomatoes

from Mexico</u>, 84 Fed. Reg. 67,958 (Int'l Trade Comm'n Dec. 12, 2019).

## II.    Litigation

Plaintiffs filed three separate actions challenging Commerce's continued

investigation and the <u>Final Determination</u>, beginning with filing the Summons in

Court Number 19-00204 on November 22, 2019 and in Court Number 19-00210

on December 3, 2019.  Summons, ECF No. 1; Summons, Court No. 19-00210,

ECF No. 1.  Plaintiffs filed the Complaint in Court Number 19-00204 on

December 20, 2019 and the Complaint in Court Number 19-00210 on December

23, 2019.  Compl., ECF No. 9; Compl., Court No. 19-00210, ECF No. 9.  Plaintiffs

filed the Summons and Complaint concurrently in Court Number 20-00035 on

February 5, 2020.  Summons, Court No. 20-00035, ECF No. 1; Compl., Court No.

20-00035, ECF No. 4.

Plaintiffs allege ten causes of action.[1]  <u>See</u> Am. Compl. at 6–8; Am. Compl.

at 6–8, Court No. 19-00210; Compl. at 6–7, Court No, 20-00035.  Specifically,

Plaintiffs challenge as unlawful Commerce's withdrawal from the 2013

---

[1]  Though otherwise identical to the claims asserted in Court Numbers 19-00204
and 19-00210, Plaintiffs' Complaint in Court Number 20-00035 does not include a
count 10.  <u>See</u> Compl. at 7, Court No. 20-00035.

Suspension Agreement (claim 1(a)); Commerce's resumption of the suspended

antidumping duty investigation (claims 1(a) and 1(c)); Commerce's ending of the

investigation into the respondents that were the subject of Commerce's 1996

preliminary determination and selection of new respondents for the continued

investigation (claim 2); the procedures Commerce followed in the resumed

investigation (claim 3); and the correctness of certain aspects of the <u>Final

Determination</u> (claims 4–10). Am. Compl. at 6–8; Am. Compl. at 6–8, Court No.

19-00210; Compl. at 6–7, Court No, 20-00035. In all, Plaintiffs ask the Court to

declare as unlawful and vacate Commerce's withdrawal from the 2013 Suspension

Agreement and the subsequent <u>Final Determination</u>. Am. Compl. at 8; Am.

Compl. at 8, Court No. 19-00210; Compl. at 7, Court No, 20-00035.

     Defendant filed motions to dismiss pursuant to USCIT Rule 12(b)(1) for

lack of subject matter jurisdiction and USCIT Rule 12(b)(6) for failure to state a

claim upon which relief can be granted in each of the cases. Def.'s Mot. Dismiss,

ECF No. 30; Def.'s Mot. Dismiss, Court No. 19-00210, ECF No. 31; Def.'s Mot.

Dismiss, Court No. 20-00035, ECF No. 20. The Court granted the motions and

dismissed Plaintiffs' claims with prejudice. <u>Bioparques de Occidente, S.A. de

C.V.</u>, 44 CIT at __, 470 F. Supp. 3d at 1373.

### III.    Appeal

Plaintiffs appealed the Court's judgment to the U.S. Court of Appeals for the

Federal Circuit ("CAFC").  Pls.' Notice of Appeal, ECF No. 47.  The CAFC

affirmed in part and remanded in part.  Bioparques de Occidente, S.A. de C.V. v.

United States, 31 F.4th 1336, 1343–48 (Fed. Cir. 2022).  The CAFC affirmed the

dismissal of Plaintiffs' claims challenging the termination of the 2013 Suspension

Agreement and the negotiation of the 2019 Suspension Agreement.  Id. at 1343.

The CAFC also held that because the Final Determination constituted as "an

affirmative final determination in a continued investigation that involves exports

from [a free trade agreement] country"[2] and is reviewable under 19 U.S.C.

§ 1516a(g)(3)(A)(i), the Court has jurisdiction to consider Plaintiffs' challenges to

the Final Determination under 28 U.S.C. § 1581(c).  Id. at 1346–48.

On remand, the Court consolidated Plaintiffs' three cases with the related

case Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C., Court

---

[2] Mexico is a "free trade area country."  At the time Plaintiffs filed their Complaint
in January 2020, "free trade area country" included "Mexico for such time as the
[North American Free Trade Agreement ("NAFTA")] is in force with respect to,
and the United States applies the NAFTA to, Mexico."  19 U.S.C. § 1516a(f)(8),
(10) (2006).  The statute was amended following the replacement of the NAFTA
with the United States-Mexico-Canada Agreement ("USMCA") to define "free
trade area country" to include "Mexico for such time as the USMCA is in force
with respect to, and the United States applies the USMCA to, Mexico."  19 U.S.C.
§ 1516a(f)(9) (2020).

No. 19-00203.  Consolidation Order.  Plaintiffs filed Amended Complaints on

September 1, 2022 in Court Numbers 19-00204 and 19-00210.  Am. Compl., ECF

No. 64; Am. Compl., Court No. 19-00210, ECF No. 69.

## STANDARD OF REVIEW

To adjudicate a case, a court must have subject-matter jurisdiction over the

claims presented.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94–95

(1998).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction,

the complaint must be dismissed in its entirety."  Arbaugh v. Y & H Corp., 546

U.S. 500, 514 (2006); USCIT R. 12(h)(3).  "[I]f the facts reveal any reasonable

basis upon which the non-movant may prevail, dismissal is inappropriate."  Airport

Road Ass., Ltd. v. United States, 866 F.3d 1346, 1351 (Fed. Cir. 2017) (quoting

Pixton v. B & B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002)).  The party

asserting a claim bears the burden of establishing subject-matter jurisdiction, see

Wanxiang Am. Corp. v. United States, 12 F.4th 1369, 1373 (Fed. Cir. 2021), and

must allege sufficient facts to establish jurisdiction, see DaimlerChrysler Corp. v.

United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006).  In deciding a motion to

dismiss for lack of jurisdiction, the Court is "obligated to assume all factual

allegations to be true and to draw all reasonable inferences in plaintiff's favor."

Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).  For purposes of

establishing jurisdiction, "[s]ubstance, not form, is controlling." <u>Williams v. Sec'y of the Navy</u>, 787 F.2d 552, 557 (Fed. Cir. 1986).

## DISCUSSION

### I.    Asserted Claims and Jurisdictional Grounds

Plaintiffs assert virtually identical claims in Court Numbers 19-00204, 19-00210, and 20-00035. <u>See</u> Am. Compl. at 6–8; Am. Compl. at 6–8, Court No. 19-00210; Compl. at 6–7, Court No, 20-00035. Each case asserts a different ground for the Court's jurisdiction. In Court Number 19-00204, Plaintiffs assert that the:

> action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(iv) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A) and (B)(iv). Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

Am. Compl. at 2. In Court Number 19-00210, Plaintiffs assert that the:

> action is commenced pursuant to Section 516A(g)(3)(A)(i) of the Act, 19 U.S.C. § 1516a(g)(3)(A)(i), which permits review of final determinations by Commerce in cases involving North American Free Trade Agreement ("NAFTA") countries when review by a binational panel has not been requested. Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

Am. Compl. at 2, Court No. 19-00210. In Court Number 20-00035, Plaintiffs assert that:

> Except to the extent that the Court has jurisdiction over the claims set forth in this Complaint in Plaintiffs' pending actions under 28 U.S.C. [§] 1581(c), the Court has subject matter jurisdiction under 28 U.S.C. § 1581(i), which confers upon this Court exclusive jurisdiction of a civil action arising under a law providing for the administration of tariffs and duties.

Compl. at 1–2, Court No. 20-00035.

28 U.S.C. § 1581(c) provides the Court with jurisdiction over civil actions commenced under 19 U.S.C. § 1516a(a) and 19 U.S.C. § 1516a(g).  28 U.S.C. § 1581(c).  19 U.S.C. § 1516a(a) makes reviewable by the U.S. Court of International Trade final administrative determinations by Commerce in antidumping duty and countervailing duty investigations.  19 U.S.C. § 1516a(a).  19 U.S.C. § 1516a(g) makes reviewable by the U.S. Court of International Trade final administrative determinations by Commerce in antidumping duty and countervailing duty investigations involving free trade area countries when no country requests review by a binational panel.  Id. § 1516a(g).

28 U.S.C. § 1581(i) provides the Court with residual jurisdiction over claims that are not covered by another subsection of 28 U.S.C. § 1581.  28 U.S.C. § 1581(i).  The Court may not invoke jurisdiction under § 1581(i) "when jurisdiction under another subsection of § 1581 is or *could have been available*, unless the remedy provided under that other subsection would be manifestly inadequate."  Erwin Hymer Grp. N. Am., Inc. v. United States, 930 F.3d 1370,

1374–75 (Fed. Cir. 2019) (quoting <u>Ford Motor Co. v. United States</u>, 688 F.3d 1319,

1323 (Fed. Cir. 2012) (emphasis in original)).  When jurisdiction is asserted under

28 U.S.C. § 1581(i), the party asserting the claim also "bears the burden of showing

that another subsection is either unavailable or manifestly inadequate."  <u>Id.</u> at 1375

(citing <u>Sunpreme Inc. v. United States</u>, 892 F.3d 1186, 1191 (Fed. Cir. 2018)).

## II.     Claims 1(a) and 1(c)

Claims 1(a) and 1(c) in each of the cases assert that Commerce lacked

authority to resume or continue its investigation because "the U.S. domestic

industry had withdrawn the petition that led to the investigation and subsequent

suspension agreements in 2012" and "the deadline for requesting the continuation

of the suspended investigation expired in 1996, within 20 days after the publication

of Commerce's notice of suspension of the agreement."  Am. Compl. at 6–7; Am.

Compl. at 6–7, Court No. 19-00210; Compl. at 6, Court No, 20-00035.

Among the types of determinations reviewable under § 1581(c) are

determinations "to suspend an antidumping duty or a countervailing duty

investigation."  19 U.S.C. § 1516a(A)(2)(B)(iv).  Because claims 1(a) and 1(c)

challenge Commerce's authority to continue or resume the antidumping duty

investigation on fresh tomatoes from Mexico following the termination of the 2013

Suspension Agreement, the Court has jurisdiction to consider the claims under

§ 1581(c).  The Court cannot simultaneously assert jurisdiction over § 1581(i)

claims and therefore dismisses claims 1(a) and 1(c) in Court Number 20-00035.

Defendant contends that claims 1(a) and 1(c) are precluded by the CAFC's

holding in <u>Confederacion de Asociaciones Agricolas del Estado de Sinaloa, A.C. v.

United States</u> ("<u>CAADES</u>"), 32 F.4th 1130 (Fed. Cir. 2022).  Def.'s Br. at 13–14

(citing <u>CAADES</u>, 32 F.4th at 1145).  In <u>CAADES</u>, the CAFC considered a

challenge to Commerce's continuation of the antidumping duty investigation under

the 2013 Suspension Agreement.  <u>CAADES</u>, 32 F.4th at 1145.  The CAFC held

that "[t]here is no independent jurisdiction" to consider challenges to "Commerce's

resumption of the antidumping investigation following the 2013 agreement's

termination."  <u>Id.</u>  Relying on its holding in <u>CAADES</u>, the CAFC clarified in the

related case <u>Jem D International Michigan Inc. v. United States</u>, 2022 U.S. App.

LEXIS 10044 (Fed. Cir. Apr. 14, 2022), that the Court "has no jurisdiction over

such an interim challenge *except as part of a challenge to a final determination*."

<u>Jem D Int'l Michigan Inc.</u>, 2022 U.S. App LEXIS 10044, at *4 (emphasis added).

Viewed in totality, Plaintiffs' Amended Complaints in Court Numbers 19-

00204 and 19-00210 and Complaint in Court Number 20-00035 are challenges to

the <u>Final Determination</u>.  Am. Compl. at 6–8; Am. Compl. at 6–8, Court No. 19-

00210; Compl. at 5–7, Court No. 20-00035.  For example, claims 4 through 10

challenge Commerce's calculations and methodology in reaching the Final

Determination.  Am. Compl. at 7–8; Am. Compl. at 7–8, Court No. 19-00210;

Compl. at 7, Court No. 20-00035.  Because Plaintiffs are challenging Commerce's

<u>Final Determination</u>, the Court may consider Plaintiffs' challenges to Commerce's

interim decision to resume or continue the investigation under claims 1(a) and 1(c).

### III.   Claim 1(b)

Claim 1(b) in each of the cases asserts that:

> Commerce's purported withdrawal from the 2013 Suspension
> Agreement was legally invalid, because the statute and Commerce's
> own regulations require Commerce to make certain findings before it is
> authorized to withdraw from a suspension agreement, and Commerce
> did not make any of those findings in this case.

Am. Compl. at 6; Am. Compl. at 6–7, Court No. 19-00210; Compl. at 6, Court No.

20-00035.

On appeal, the CAFC ruled that because Commerce's determination to

terminate a suspension agreement is not reviewable under 19 U.S.C. § 1516a(a) or

(g), jurisdiction to consider challenges to Commerce's withdrawal from the 2013

Suspension Agreement exists under the residual jurisdiction provision of 28 U.S.C.

§ 1581(i).  <u>CAADES</u>, 32 F.4th at 1138.  Because the CAFC has held that the Court

has jurisdiction over claim 1(b) under § 1581(i), jurisdiction cannot simultaneously

exist under § 1581(c).  Claims 1(b) in Court Numbers 19-00204 and 19-00210 are

dismissed.

Though the Court has jurisdiction to consider claim 1(b) in Court Number

20-00035 under § 1581(i), the CAFC has already resolved the merits of the claim.

In CAADES, the CAFC considered materially identical challenges to Commerce's

ability to terminate the 2013 Suspension Agreement and to enter into the 2019

Suspension Agreement. Id. at 1138–43. The CAFC concluded "that there is no

plausible claim upon which" relief could be granted. Id. at 1143. The CAFC held

that the CAADES holding controlled in its consideration of this case and

concluded that Plaintiffs' challenges to the termination of the 2013 Suspension

Agreement and negotiation of the 2019 Suspension Agreement must be dismissed.

Bioparques de Occidente, S.A. de C.V, 31 F.4th at 1343. Plaintiffs concede that

the CAFC dismissed claim 1(b) on substantive grounds. Pls.' Resp. at 3–4. The

Court, therefore, dismisses claim 1(b) in Court Number 20-00035.

## IV.    Claims 2 Through 10

The three consolidated cases before the Court raise multiple challenges to

the methodology used by Commerce in the Final Determination. Am. Compl. at

7–8; Am. Compl. at 7–8, Court No. 19-00210; Compl. at 6–7, Court No. 20-00035.

Count 2 argues that Commerce improperly ceased its investigation of the original

respondents that were examined and were the subject of the 1996 preliminary

determination and examined new respondents in the resumed investigation that had

not participated in the preliminary phase of the investigation, including Plaintiffs.

Am. Compl. at 7; Am. Compl. at 7, Court No. 19-00210; Compl. at 6, Court No. 20-00035.  Count 3 alleges that Commerce failed to abide by applicable deadlines and procedures during the resumed investigation and denied the newly added respondents' due process rights.  Am. Compl. at 7; Am. Compl. at 7, Court No. 19-00210; Compl. at 6, Court No. 20-00035.  Counts 4 through 10 challenge aspects of the calculation methodology used by Commerce in the Final Determination.  Am. Compl. at 7–8; Am. Compl. at 7–8, Court No. 19-00210; Compl. at 6–7, Court No. 20-00035.

In considering the facts of this case, the CAFC held that "an affirmative final determination in a continued investigation that involves exports from [a free trade agreement] country is reviewable under § 1516a(g)(3)(A)(i) as a determination under § 1516a(a)(2)(B)(i), which provides the Trade Court jurisdiction under 28 U.S.C. § 1581(c)."  Bioparques de Occidente, S.A. de C.V., 31 F.4th at 1346–48.  The Court concludes that jurisdiction exists under § 1581(c) for claims 2 through 10 challenging the Final Determination.  Because jurisdiction under § 1581(i) is improper, counts 2 through 9 in Court Number 20-00035 are dismissed.

## CONCLUSION

In summary, the Court concludes that jurisdiction exists over claims 1(a), 1(c), and 2 through 10 under 28 U.S.C. § 1581(c).  Jurisdiction exists over claim 1(b) under 28 U.S.C. § 1581(i).  Because the CAFC affirmed the dismissal of

claim 1(b) based on Plaintiffs' failure to state a claim on which relief could be

granted, claim 1(b) is dismissed. For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss, ECF No. 65, is granted in

part (claims 1(b) in Court Numbers 19-00204 and 19-00210 and claims 1(a), 1(c),

and 2 through 9 in Court Number 20-00035 are dismissed), and denied in part

(claims 1(a) and 1(c) in Court Numbers 19-00204 and 19-00210 remain); and it is

further

ORDERED that Defendant-Intervenor's Motion to Dismiss, ECF No. 66, is

granted in part (claims 1(b) in Court Numbers 19-00204 and 19-00210 and claims

1(a), 1(c), and claims 2 through 9 in Court Number 20-00035 are dismissed), and is

denied in part (claims 1(a) and 1(c) in Court Numbers 19-00204 and 19-00210

remain); and it is further

ORDERED that claim 1(b) in Court Number 20-00035 has been resolved

on its merits by the CAFC and is dismissed; and it is further

ORDERED that because all claims in Court Number 20-00035 have been

resolved by this Opinion, Court Number 20-00035 is dismissed and is removed

from Consolidated Court Number 19-00204. Judgment will be entered

accordingly; and it is further

**ORDERED** that this case shall proceed in accordance with the schedule set in the Court's March 30, 2023 Order, ECF No. 90, as follows:

1. Amended 56.2 motions, if any, shall be filed on or before May 30, 2023;

2. Response briefs to motions for judgment upon the agency record shall be filed on or before June 29, 2023;

3. Reply briefs shall be filed on or before August 14, 2023;

4. The joint appendix shall be filed on or before August 28, 2023; and

5. Motions for oral argument, if any, shall be filed on or before September 5, 2023.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:  May  1, 2023
New York, New York

Attachment 2

Copy of the Notice of Appeal
Filed with this Court

Form 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)

Form 1
March 2023)

# United States
# Court of International Trade

## NOTICE OF APPEAL

Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed:    20-00035

Case title being appealed:    Bioparques de Occidente, S.A. de C.V. et al v. United States

Date of final judgment or order being appealed:    May 1, 2023

List of Appellants (List each party filing the appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

Bioparques de Occidente, S.A. de C.V.,

Agricola La Primavera, S.A. de C.V., and

Kaliroy Fresh LLC

Date: June 30, 2023

Signature: /s/ Jeffrey M. Winton

Name: Jeffrey M. Winton

Address: 1100 13th Street NW, Suite 825 Washington, D.C. 20005

Phone Number: (202) 774-5503

Email Address: jwinton@winton.law